■ In the Matter of ANDREW FESLER, Appellant, v WILLIAM J. BRATTON et al., Respondents. [68 NYS3d 407]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered October 26, 2015, denying the petition and dismissing the proceeding brought pursuant to CPLR article 78 to annul respondents' determination, dated February 12, 2014, which denied petitioner's application for accidental disability retirement benefits pursuant to the World Trade Center Law (WTC Law) (Administrative Code of City of NY § 13-252.1 [1] [a]), unanimously affirmed, without costs.

If any condition or impairment of health is caused by a qualifying World Trade Center condition (Retirement and Social Security Law § 2 [36] [c]), "it shall be presumptive evidence that it was incurred in the performance and discharge of duty and the natural and proximate result of an accident not caused by [the] member's own willful negligence, unless the contrary [is] proved by competent evidence" (Administrative Code § 13-252.1 [1] [a]). The significance of the presumption under the WTC Law is that first responders need not submit any evidence, credible or otherwise, of causation, to obtain enhanced benefits, if they have a qualifying condition (*see Matter of Bitchatchi v Board of Trustees of the N.Y. City Police Dept. Pension Fund, Art. II*, 20 NY3d 268, 281-282 [2012]; *Matter of Sheldon v Kelly*, 126 AD3d 138, 142 [1st Dept 2015], *lv denied* 25 NY3d 908 [2015]). However, in order to obtain the

benefit of the presumption of causation under the WTC Law, petitioner must suffer from a qualifying condition, and the burden is on petitioner to make that showing (*see Matter of Stavropoulos v Bratton*, 148 AD3d 449, 452-453 [1st Dept 2017]).

Here, the court correctly concluded that petitioner failed to present sufficient credible evidence that his Crohn's disease was a qualifying condition or "new onset disease[ ]" (Retirement and Social Security Law § 2 [36] [c] [v]). His doctor opined only that it was "conceivable" that there was a link between his illness and exposure to toxins at the WTC site, and the articles he provided were not relevant. Respondents were entitled to rely on the Medical Board's conclusion that the medical literature did not provide evidence of such a causative link, and the medical data showed that first responders did not have a higher incidence of these conditions.

Because the burden never shifted to respondents, petitioner was required to demonstrate a causative link between his illness and exposure to toxins at the World Trade Center site, which he failed to do (*see Stavropoulos* at 454-455). Concur— Friedman, J.P., Kahn, Gesmer, Kern and Moulton, JJ.