Matter of Hanson v Shea (2023 NY Slip Op 01141)

Matter of Hanson v Shea

2023 NY Slip Op 01141

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Renwick, J.P., Friedman, Gesmer, Singh, Higgitt, JJ. 

Index No. 152707/21 Appeal No. 17421 Case No. 2022-01682 

[*1]In the Matter of Cathleen Hanson, as Widow and Beneficiary of the Estate of Michael Hanson, Deceased, Petitioner-Respondent,
v
Dermot F. Shea, as the Police Commissioner of the City of New York, etc., et al., Respondents-Appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Susan Paulson of counsel), for appellants.
Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about January 24, 2022, granting the petition pursuant to CPLR article 78 to annul respondents' determination, dated August 12, 2020, which denied petitioner's application for World Trade Center (WTC) accidental death benefits, and granting the application for the benefits, unanimously reversed, on the law and the facts, without costs, and the matter remanded for further proceedings consistent herewith.
The court should not have granted the petition to annul respondents' denial of petitioner's application for WTC accidental death benefits because respondent's determination was not arbitrary and capricious. Petitioner failed to meet her burden of showing that her husband's death was caused by a qualifying condition so as to entitle her to the WTC presumption (Administrative Code of City of NY § 13-252.1[1][a]; Matter of Fesler v Bratton, 156 AD3d 534 [1st Dept 2017]). Decedent's medical records indicated that his cause of death was respiratory failure due to amyotrophic lateral sclerosis (ALS), commonly referred to as "Lou Gehrig's Disease," which is not an enumerated qualifying condition (see Retirement and Social Security Law § 2[36][c]). Furthermore, petitioner failed to submit nonspeculative medical proof linking decedent's ALS to exposure to WTC toxins in support of her claim that ALS qualifies as "new onset disease[]" (id. § 2[36][c][v]; see Matter of Stavropoulos v Bratton, 148 AD3d 449, 453 [1st Dept 2017], lv denied 32 NY3d 919 [2019]). Rather, decedent's treating physicians merely opined that it was "possible" that the toxic exposure played a role in decedent's ALS diagnosis, and "felt" that decedent's WTC service contributed to his illness (see Matter of Hayden v Bratton, 157 AD3d 424, 424 [1st Dept 2018]; Fesler, 156 AD3d at 535). The Medical Board's prior finding in 2015 that a police officer's "idiopathic condition" fell within the category of new onset disease does not render its current findings arbitrary and capricious, especially given that the 2015 report is lacking in facts and, in any event, the Board of Trustees may correct a prior erroneous interpretation of the law where appropriate (see Matter of Rivera v Shea, 211 AD3d 594, 595 [1st Dept 2022]).
Nevertheless, because "heavy metal poisoning" is a qualifying WTC condition (see Retirement and Social Security Law § 2[36][c][v]), we remand the matter to the Medical
Board to consider the NMS Labs toxicology report, which found a high level of antimony in decedent's bodily fluids and brain tissue, and any additional evidence petitioner may wish to present to demonstrate that decedent suffered from heavy metal poisoning.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023